**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KAKHRAMON NURILLOEVICH SAYFIEV** | : | |
| **Petitioner,** | : | **3:26-cv-3219** |
| | : | **(JUDGE MARIANI)** |
| **v.** | : | |
| **ANGELA HOOVER, WARDEN CLINTON COUNTY CORRECTIONAL FACILITY, *et al.*,** | : | |
| **Respondents.** | : | |

## MEMORANDUM OPINION

Before the Court is a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner Kakhramon Nurilloevich Sayfiev ("Petitioner"). In the petition, Petitioner "challenges the lawfulness of ICE's arrest" and "its initial decision to detain him." (Doc. 1, ¶ 1). More specifically, "whether ICE had lawful authority to arrest Petitioner in the first place, and whether ICE made the individualized custody determination that the statute, its regulations, and the Due Process Clause require." (*Id.*). For the reasons discussed more fully below, the petition will be granted, and Respondent Warden of the Clinton County Correctional Facility will be ordered to immediately release Petitioner from custody.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Petitioner is an asylum seeker and a citizen of Uzbekistan residing in the United States since June 8, 2023. (Doc. 1, ¶¶ 2, 11). On August 25, 2023, an Acting Supervisory Asylum Officer in New Orleans issued a Notice to Appear charging Petitioner as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled. (*Id.*, ¶ 12). DHS "released Petitioner from custody following his entry and never sought to re-detain him at any point during the more than three years that followed." (*Id.*).

On or about October 9, 2023, "Petitioner filed applications for asylum, withholding of removal, and protection under the Convention Against Torture, and counsel entered an appearance on his behalf." (*Id.*, ¶ 13). Petitioner alleges his "removal proceedings and applications for relief remain pending," and, accordingly, he has no final order of removal. (*Id.*). He further alleges he "has no criminal history, and Respondents have never alleged that he missed a hearing or failed to comply with any immigration obligation." (*Id.*, ¶ 14).

On October 27, 2026, Petitioner "was driving a truck when a police officer stopped him for inspection." (*Id.*, ¶ 15). The police officer "removed Petitioner from his truck," (*id.*), and "then called ICE." (*Id.*, ¶ 16). ICE then took Petitioner into custody and transferred him to the Clinton County Correctional Facility, where he remains detained to date. (*Id.*). Petitioner alleges that "ICE had no warrant" for his arrest at the time it took him into custody.

(*Id.*, ¶ 17). Instead, "ICE learned of Petitioner only when the officer called; it had no reason to have sought a warrant beforehand."[1] (*Id.*).

Petitioner further alleges that "ICE made no individualized determination that Petitioner poses a danger to persons or property or a risk of flight." (*Id.*, ¶ 19). Petitioner asserts that "only basis" for his detention is his immigration status—"a fact DHS has known, and declined to act upon, since 2023." (*Id.*). "Nothing changed between DHS's decision to release Petitioner and his arrest except three years of compliance." (*Id.*). Petitioner also claims that he "has not received a custody redetermination hearing before an Immigration Judge." (*Id.*, ¶ 20).

In Count I, Petitioner alleges that Respondents violated the INA, 8 U.S.C. §§ 1226(a), 1357(a)(2), 8 C.F.R. § 287.8(c)(2)(ii). (*Id.*, ¶¶ 32-35). He alleges he is "in custody in violation of the . . . laws . . . of the United States" and seeks his immediate release from custody. (*Id.*, ¶ 35). In Count II, Petitioner alleges that Respondents violated the Fifth Amendment's Due Process Clause when they deprived him of his liberty without the procedural protections that § 1226(a) and the Constitution require. (*Id.*, ¶¶ 36-41).

---

1 Petitioner also asserts "[t]o the extent Respondents produce a Form I-200, Warrant for Arrest of Alien, Petitioner anticipates that it was issued after he was already in custody." (Doc. 1, ¶ 17). He also alleges that "[n]othing suggest that Petitioner was 'likely to escape before a warrant [could] be obtained.'" (*Id.*, ¶ 18) (quoting 8 U.S.C. § 1357(a)(2)). Petitioner "was stationary and already held by a police officer at a roadside inspection." (*Id.*). Moreover, Petitioner "had a known address on file with DHS and the Immigration Court, a pending removal case, counsel of record, pending applications for asylum and related relief, and, upon information and belief, no criminal history." (*Id.*).

Specifically, he claims that his "arrest and detention violated procedural due process, and the remedy is release." (*Id.*, ¶ 41).

In Count III, Petitioner brings a claim alleging deprivation of his substantive due process rights. (*Id.*, ¶¶ 42-44). In Count IV he alleges a violation of the *Accardi* Doctrine, (*id.*, ¶¶ 45-46), and in Count V he alleges a violation of the Administrative Procedure Act. (*Id.*, ¶¶ 47-48).

## II. STANDARD OF REVIEW

Absent suspension, the Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Pursuant to 28 U.S.C. § 2241, a federal district court may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Claims brought by immigration detainees seeking relief from their confinement "fall within the core of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

## III. ANALYSIS

Petitioner principally alleges that his arrest and his detention without any individualized custody determination by ICE in first instance violates his procedural due process rights guaranteed by § 1226(a) and the Fifth Amendment's Due Process Clause and seeks his immediate release from custody. (Doc. 1, ¶¶ 32-41). Respondents do not seriously dispute the allegations in the petition but argue in opposition that Petitioner failed to exhaust his administrative remedies and that his Due Process claims lack merit. (Doc. 3 at 4-13). Because the Court has considered the issues raised in the petition before and has rejected the Respondents' arguments raised in opposition, it will only briefly address the merits.

First, this Court has already held that similarly situated petitioners raising constitutional claims need not exhaust their administrative remedies prior to filing a § 2241 habeas petition with this Court. *See Ramirez-Ruiz v. Lowe*, 2026 WL 3373189, at *3 (M.D. Pa. Nov. 6, 2026) ("Accordingly, the Court rejects Respondents' arguments that Petitioner must first seek a custody redetermination before an IJ before filing his § 2241 habeas petition with this Court."). Applying the same rationale here, the Court finds that any exhaustion requirement is excused because doing so would be futile for two reasons. First, Petitioner raises constitutional claims that the Immigration Judge ("IJ") and the Board of Immigration Appeals lack the power to hear and adjudicate. *Id.* And second, because the "actions of the agency clearly and unambiguously violate statutory or constitutional rights"

exhaustion would be futile. *Id.* (citation modified). Accordingly, Petitioner need not first exhaust his administrative remedies by seeking a custody redetermination before an IJ prior to filing his habeas petition with this Court.

Second, this Court has also held § 1226(a), its implementing regulations, and the Fifth Amendment's Due Process Clause requires ICE to "make a meaningful individualized custody determination in the first instance." *Id.* at *5 (citation modified). Indeed, federal district courts within the Third Circuit "have concluded that the Government is required to make an 'individualized custody determination' when it arrests a noncitizen, taking into consideration whether the noncitizen poses a danger to the community and whether the noncitizen is a flight risk." *Saint Cloud v. Jamison*, 2026 WL 3123166, at *4 (E.D. Pa. Oct. 19, 2026) (collecting cases).

Applying the balancing test of *Mathews v. Eldridge*, 424 U.S. 319, 325 (1976), this Court further concluded "they weigh decisively in Petitioner's favor." *Ramirez-Ruiz*, 2026 WL 3373189, at *9. "Considering the significant deprivation of physical liberty, 'the risk of erroneous detention absent individualized consideration, and the limited additional burden of requiring ICE to exercise the discretion already conferred upon it,' these factors taken together establish that 'Petiitioner's detention, absent a meaningfully individualized custody determination, violated his procedural due process rights.'" *Id.* (quoting *A.J.P.S. v. Benzel*, 2026 WL 3131270, at *6 (D.N.J. Oct. 19, 2026)). Accordingly, the Court will grant the petition "because ICE's failure to make any individualized custody determination before

depriving Petitioner of his physical liberty does not comply with the procedural protections that § 1226(a), its implementing regulations, and the Fifth Amendment's Due Process Clause require."[2] *Id.*

Finally, the Court finds that release is the appropriate remedy under the circumstances presented in the petition. "When presented with similar facts and circumstances, Courts within the Third Circuit have concluded that the appropriate habeas remedy is release, rather than ordering ICE to again attempt to make a pre-deprivation individualized custody determination or directing respondents to provide the petitioner with a custody redetermination before an IJ." *Ramirez-Ruiz*, 2026 WL 3373189, at *9 (collecting cases). Accordingly, the Court will grant the petition and order Petitioner's immediate release from custody.[3]

---

2 The Court has also rejected the Respondents' arguments, which they raise here, that the Form I-286 itself shows that ICE made a discretionary individualized determination, finding that "[w]hile Respondents argue that the completion of the DHS Form I-286 (Notice of Custody Determination) is sufficient for the Court to conclude that DHS officials made an individualized custody determination and made the discretionary decision to detain Petitioner, nothing contained on Petitioner's custody determination form supports that conclusion." *Ramirez-Ruiz*, 2026 WL 3373189, at *7. There, like here, "nothing in the record allows this Court to reasonably infer that Petitioner received an individualized custody determination, and Courts within the Third Circuit have rejected Respondents' arguments that the Form I-286 is sufficient in itself to show that ICE exercised its discretion and made an individualized custody determination as to dangerousness or flight risk." *Id.* (citation modified).

3 The Court need not resolve whether Petitioner's detention is unlawful because ICE arrested him without a warrant. As discussed, there is no evidence that Respondents "conducted the requisite individualized custody determination before detaining Petitioner under § 1226(a)." *A.J.P.S.*, 2026 WL 3131270, at *7. "That constitutional violation provides an independent and sufficient basis for granting habeas relief." *Id.* Nor will the Court address Petitioner's additional claims set forth in Counts III, IV, and V because they are not necessary for resolution of the petition.

Petitioner's request for fees and costs under the Equal Access to Justice Act will be held in abeyance pending the receipt of a fee petition. *Michelin v. Warden Moshannon Valey Corr. Cent.*, 169 F.4th 418 (3d Cir. 2026) (allowing fees under EAJA in immigration habeas proceedings under 28 U.S.C. § 2241).

## IV. CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be granted. Respondents will be directed to immediately release Petitioner Kakhramon Nurilloevich Sayfiev from the custody of the Warden of the Clinton County Correctional Facility and file an affidavit or declaration pursuant to 28 U.S.C. § 1746 confirming that Petitioner has been released from custody.

The Court will further temporarily enjoin Respondents from re-arresting and re-detaining Petitioner for a period of 7 days to ensure the habeas remedy is effective. If Respondents elect to later re-arrest and re-detain Kakhramon Nurilloevich Sayfiev under § 1226(a), the Respondents must first comply with their own regulations and provide Kakhramon Nurilloevich Sayfiev with an individualized initial custody determination and, if he is denied bond, Respondents shall provide Petitioner with notice and an opportunity to be heard at a timely individualized custody redetermination where an IJ will assess whether he is a danger or flight risk. A separate Order follows.

Robert D. Mariani
United States District Judge